**UNITED STATES of America,
Appellant,**

v.

**Craig A. CAPSON, Appellee.**

**No. 8059.**

United States Court of Appeals
Tenth Circuit.

July 2, 1965.

H. Ralph Klemm, Asst. U. S. Atty. (William T. Thurman, U. S. Atty., on the brief), for appellant.

Daniel L. Berman, Salt Lake City, Utah, for appellee.

Before PHILLIPS, LEWIS and HILL, United States Circuit Judges.

HILL, Circuit Judge.

Appellee, a Jehovah's Witness, was indicted for refusing to be inducted into the Armed Forces in violation of 50 App. U.S.C. § 462. He moved to dismiss the indictment upon two grounds: (1) That he was denied the assistance of counsel, as guaranteed by the VI Amendment, for the purpose of appealing his Selective Service Classification from his local draft board to the appeal board; and (2) that the notice of his right to appeal the classification which was given to him by his local board was inadequate and in violation of the statutes and regulations and contrary to the V Amendment. The motion was granted and the government has appealed here.

On April 11, 1960, shortly after Capson reached his eighteenth birthday, the local draft board furnished him with the usual form selective service classification questionnaire. Something over a month later he returned the questionnaire, filled out and signed, to the draft board. By his written answers to the various questions, he made the following material statements in substance: That he was a minister of religion and regularly serving as such; that he had been a minister since 1951 (at which time he would have been nine years old); that he was at that time formally ordained as a Minister of the Jehovah's Witnesses denomination; that he was pursuing a full-time course of instruction preparing for the ministry; was attending Theocratic Ministry School; and that his studies were under the direction of the Watchtower Bible and Tract Society. By other answers to the same questionnaire, he stated he had been employed for the past nine months doing night watchman and floor maintenance work as a regular or permanent paid employee and expected to continue indefinitely in this work.

He also requested that he be furnished with the conscientious objector's special form by signing as a conscientious objector. Upon receipt of this form, he filled it out, signed and returned it to the draft board. By his answers to the questions contained on this form he elaborated upon his work and activities as a member of the Jehovah's Witnesses denomination but made no reference or claim to being a minister of such denomination. He again listed his employment as building maintenance work, stated his conscientious opposition to war and claimed exemption from both combatant and noncombatant training and service in the Armed Forces. The draft board there-

after, upon the information before it, classified the registrant I–A–O, which is exemption from combatant service and training and was not the exemption claimed by the registrant.[1] The regular form for notification of classification was mailed to and received by Capson. By this notice the registrant was expressly advised of his right to appeal his classification.[2] On the reverse side of the card designated "Notice of Classification" the registrant was also advised to keep the same upon his person at all times and at the bottom, in bold black faced type is the further statement "For Advice, See Your Government Appeal Agent."

The Selective Service Regulations provide for an appeal agent, 32 C.F.R. § 1604.71, whose duties *inter alia* are to advise the board on legal matters and to appeal any classification of any registrant which he believes should be reviewed by the Appeal Board. The regulations further provide that he is to protect both the registrant's and the government's interests. The record here shows that appellant's draft board did have an appeal agent as provided for by law and regulation.

Appellee took no appeal to the Appeal Board, did not communicate to the local board any dissatisfaction with his classification or attempt to utilize the services of the Appeal Agent provided by the government. When ordered to appear at the induction station, he did so, but refused to be inducted, hence this prosecution.

Section 6(j) of the Universal Military Training and Service Act, 50 U.S.C. App. § 456(j), provides that no person who, "by reason of religious training and belief, is conscientiously opposed to participation in war in any form," shall be required to undergo combatant training or service in the Armed Forces. If on the basis of information the local board believes the registrant is sincere in his beliefs, it will classify him as conscientious objector in either I–A–O or I–O. If the board denies the claim, the registrant may appeal to the Appeal Board. In conscientious objector cases, the Appeal Board will forward the file to the Department of Justice where appellee may ap-

---

[1]. The exemption of ministers from military service is a matter of legislative grace and a registrant who claims such exemption has the burden of showing his right thereto. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953).

[2]. "NOTICE OF RIGHT TO PERSONAL APPEARANCE AND APPEAL

"If this classification is by a local board, you may, within 10 days after the mailing of this notice, file a written request for a personal appearance before the local board (unless this classification has been determined upon such personal appearance). Following such personal appearance you may file a written notice of appeal from the local board's classification within the applicable period mentioned in the next paragraph after the date of the mailing of the new notice of classification.

"Appeal from classification by local board, in any class other than Class I-C, Class I-W, Class IV-F, and Class V-A, may be taken by filing written notice of appeal with local board within one of the following periods after date of mailing of this notice, whichever is applicable: 10 DAYS, if both registrant and local board are located in the continental United States, or in the State of Alaska, or in the State of Hawaii, or in the same possession of the United States; 30 DAYS, if registrant is located in the continental United States and local board is located in the State of Alaska, the State of Hawaii, or a possession of the United States; 30 DAYS, if registrant is located in the State of Alaska, the State of Hawaii, or a possession of the United States and local board is located in another State or possession or in the District of Columbia; 30 DAYS, if the registrant is located in Canada, Cuba, or Mexico; 60 DAYS, if registrant is located in any other foreign country.

"If an appeal has been taken and you are classified by the appeal board in either Class I-A, Class I-A-O, or Class I-O, and one or more members of the appeal board dissented from such classification, you may file a written notice of appeal to the President with your local board within 10 DAYS after the mailing of this notice."

pear before a hearing officer and present witnesses. The Department of Justice will then make its recommendations to the Appeal Board. The Appeal Board then will make a decision which is the final determination of the Selective Service System, except where an appeal to the President is taken. 50 U.S.C. App. § 460(b) (3).

There is no direct judicial review of Selective Service Board's classification. Questions of classification may either be raised by way of habeas corpus or as a defense to a prosecution for failure to submit to induction as we have here. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955). The review, however, under the latter method is strictly limited to the board's jurisdiction and may not be overturned unless the board's classification had no basis in fact. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). The courts in no event are to sit as super draft boards substituting their judgment on the evidence for that of the board's. Witmer v. United States, supra.

Appellee argues that due to this extremely narrow judicial review of Selective Service Board's determinations, the board's classification in this case was tantamount to a criminal prosecution and penal in character and hence necessitates the safeguard of the Sixth Amendment provision concerning an accused's right to counsel.[3] He relies very strongly on Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). We find little difficulty in distinguishing the present matter from Mendoza-Martinez. That case involved a naturalized citizen who was born in Mexico. In 1942 he departed this country for Mexico admittedly to avoid serving in the Armed Forces. In 1947 he was convicted of violation of his service obligation and served a sentence of a year and a day. Five years later he was served with a warrant of arrest in a deportation procedure pre-

mised on Section 401(j) of the Nationality Act of 1940 which withdrew citizenship for leaving the country to avoid military service. Following a hearing, the Attorney General's special inquiry officer sustained the warrant and ordered Mendoza-Martinez be deported. The Court held Section 401(j) invalid because the deprivation of nationality was a punishment for the offense of leaving the country to avoid military service and that the procedure was done without the safeguards of the Fifth and Sixth Amendments. In determining whether an Act of Congress is regulatory or penal the court said at page 168, 83 S.Ct. at page 567:

"[T]he punitive nature of the sanction here is evident under the tests traditionally applied to determine whether an Act of Congress is penal or regulatory in character, even though in other cases this problem has been extremely difficult and elusive of solution. Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned are all relevant to the inquiry, and may often point in differing directions."

Applying these tests we are certainly not persuaded that classification of a registrant for military service is in any way penal in character. The only penal element of this whole matter is when the registrant fails to submit to induction and is prosecuted for it in the Federal courts. But appellee says we must ignore the prosecution in the Federal courts for

---

3. U.S.Const. Amend. VI provides: "In all criminal prosecutions, the accused shall
* * * have the Assistance of Counsel for his defense."

that prosecution is a hollow proceeding where the die is inexorably cast against the accused and to provide him with counsel then and only then is a meaningless gesture. Appellee believes in reality he stood convicted of the crime for which he is now charged as soon as the Selective Service Board's decision became final. We disagree, first on the basis that the board's classification is in no way penal and second that a prosecution like the present for violation of the board's order is far from hollow even though we readily concede that judicial review is narrowly limited and the accused's possible defenses are few.

The Supreme Court long ago held that the Sixth Amendment refers to a criminal prosecution against a person who is accused and who is to be tried by petit jury. Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110 (1892). See also this court's opinion in Gilmore v. United States, 129 F.2d 199 (10th Cir., 1942), cert. denied 316 U.S. 661, 62 S.Ct. 941, 86 L.Ed. 1738 (1942). We do not believe that classification by a Selective Service Board is a criminal trial. See Imboden v. United States, 194 F.2d 508 (6th Cir., 1952), cert. denied 343 U.S. 957, 72 S.Ct. 1052, 96 L.Ed. 1257 (1952), and the cases cited therein.

■■ The trial court also held the written notices from the draft board to Capson to be insufficient notice of his rights and appellant did not designate this ruling, in particular, as one of its points upon appeal. Appellee contends that such trial court ruling is not now subject to review. Appellee relies upon this court's Rule 16 in support of this contention, which rule does provide that "The court will consider only the points so stated and the parts of the record so designated." But that rule does not apply to appeals in criminal cases because of this court's Rule 32, which specifically states "Appeals in criminal cases are regulated by Rules 37 to 39, inclusive, of the Federal Rules of Criminal Procedure." Rule 37 of F.R.Crim.P. abolishes assignments of error, which are analogous to and serves the same purpose as a statement of points, in appeals in criminal cases. Furthermore, the appellant brought up the entire record from the trial court and briefed and argued the disputed point, so that counsel for appellee and this court have been fully apprised of the government's contentions. The disputed point is properly before us.

■ The trial court in passing upon the question of sufficiency of notice to the registrant made the following comment: "I have never gone along with Government forms, and this one is a complicated thing. It takes a Philadelphia lawyer to read that. It refers to several sections." We cannot agree with the trial judge. 50 U.S.C. App. § 456(j) gives to every person claiming exemption as a conscientious objector the right to appeal an adverse ruling made by a local draft board to an appeal board. This statutory declaration is supplemented by 32 C.F.R. § 1626, which contains the regulations pertaining to such appeal. The statute itself does not require a notice to a registrant of his right but the form Notice of Classification, SSS Form No. 110, which is a part of the regulations, gives such notice in clear and express terms as we have set out above. In addition, an appeal agent is available to every dissatisfied registrant, whose duty is to advise with registrants and to take an appeal when requested. We believe appellee was plainly and fully advised of his right to appeal his classification and was further informed of the availability of an appeal agent for any needed advice concerning his classification. The trial court erred in holding the notice to be inadequate.

We also point out that appellee not only failed to heed the advice in writing given to him by the draft board in regard to his right to appeal his classification or to seek the advice of the appeal agent, but he permitted the classification to stand unchallenged by him from December, 1960, until he was ordered on February 12, 1964, to report for induction. Administrative remedies were available to him during this entire period of time

whereby a reconsideration of his classification could have, at least, been attempted.

Counsel of record for the appellee was appointed by the court below and has diligently pursued his cause to this court. We commend him for his efforts and his tenacity, although we are unable to adopt the legal principle he so ably argued to us.

The order entered dismissing the indictment is reversed and the cause is remanded for further proceedings.