Craig A. CAPSON, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 9213.

United States Court of Appeals
Tenth Circuit.

May 8, 1967.

Daniel L. Berman, Salt Lake City, Utah, for appellant.

H. Ralph Klemm, Asst. U. S. Atty. (William T. Thurman, U. S. Atty., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant was convicted by a jury of violating Title 50 App.U.S.C. § 462, for refusing to submit himself for induction into the Armed Forces. The case was previously before us with the United States as appellant after the trial judge sustained the motion of the accused to dismiss the indictment.[1]

In view of our complete statement of facts in the first case, which need not be reiterated here, we will pass directly to the questions involved.

At the trial appellant sought at every step in the proceedings to raise the defense of improper classification by the local draft board. There can be no question but that appellant preserved all of his legal rights by procedural devices during the course of the trial. The trial judge, guided by established legal principles, precluded appellant from presenting any evidence on that defense and refused to submit the issue to the jury. These rulings by the trial judge were all bottomed upon the principle that because Capson failed to exercise the rights available to him under the administrative processes provided for by Congress he had waived his right to question the validity of his classification in any subsequent proceeding.[2] As we understand

1. United States v. Capson, 10 Cir., 347 F.2d 959, cert. denied, 382 U.S. 911, 86 S.Ct. 254, 15 L.Ed.2d 163.

2. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Jeffries v. United States, 10 Cir., 169 F.2d 86; and

counsel for appellant, he admits that this principle is supported, without exception, by existing authorities, but is here attempting to strike down that principle and is thus asking us, in effect, to overrule the prior decisions of the Supreme Court and this court. This, we will not do.

 Beyond this point, counsel for appellant argues that if the principle of waiver of improper classification is maintained, this accused has been denied his right to assistance of counsel at a critical stage of the criminal prosecution against him, that is, when he was before the local draft board for classification. We rejected this same argument in United States v. Capson, supra, and reject it here for the reasons set out in that prior decision. They need not be repeated here.

The judgment of conviction and sentence is affirmed.

see Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567; Cox v. Unit-

ed States, 332 U.S. 442, 68 L.Ed. 115, 92 L.Ed. 59.