**Donald Scott FULTS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9751.**

United States Court of Appeals
Tenth Circuit.

May 16, 1968.

David A. Kline, First Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., with him on brief), for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

PER CURIAM.

The trial judgment found appellant guilty of refusing to submit to induction under the Universal Military Training and Service Act, 50 U.S.C.A. App. § 451 et seq. He appeals from the sentence imposed. We affirm.

Appellant presents his classification for review on the grounds that it was made without a basis in fact. He objects to the evidence considered by the board on the ground that he was not given the Escobedo and Miranda warnings before an admission against interest was accepted, and that his Selective Service file containing the admission was not properly identified before it was admitted into evidence.

Appellant registered with his local board on December 17, 1964. On January 8, 1965, he filled out and returned a special form for conscientious objectors. From February 23, 1965, to June 1, 1965, appellant was classified I–S. After being classified I–A on November 1, 1965, he was reclassified I–O on February 4, 1966. No administrative appeal was ever taken from these classifications.

On September 9, 1966, appellant appeared before the local board and refused to agree to do any kind of civilian work. A notation of his refusal was made a part of his Selective Service file. He now complains of this refusal being admitted. On December 14, 1966, appellant was notified that he should report to the local board on December 27, 1966, to receive instructions concerning his assigned employment at the University of Kansas Medical Center, Kansas City, Kansas. Appellant failed to report.

Appellant initially contends there is no basis in fact for the I–O classification. However, because appellant failed "to exercise the rights available to him

Mac Oyler, Oklahoma City, Okl., for appellant.

under the administrative procedures provided by Congress he [has] waived his right to question the validity of his classification in any subsequent proceeding." Noland v. United States, 380 F.2d 1016, 1017 (10th Cir. 1967), citing Thompson v. United States, 380 F.2d 86 (10th Cir. 1967) and Capson v. United States, 376 F.2d 814 (10th Cir. 1967). Absent an appeal to the Selective Service Appeal Boards, the local board's decision is final. Olguin v. United States, No. 9793, March Term 1968, 392 F.2d 329 (10th Cir. 1968).

 Appellant also contends the judgment and sentence are void because an admission against interest [1] was taken from him at the September 9, 1966, meeting without affording the safeguards of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) to him.

In Nickerson v. United States, No. 9381, January Term 1968, 391 F.2d 760 (10th Cir. 1968), and United States v. Capson, 347 F.2d 959 (10th Cir. 1965) this court specifically held that a registrant is not entitled to the assistance of counsel for his appearances before the Selective Service Boards. In Noland v. United States, supra, it was held the Miranda decision had no application where the registrant made the statement, "I refuse to be inducted into the United States Armed Forces," following his refusal to take the symbolic step forward. The registrant was neither in custody nor deprived of his freedom. The statement "was an incident of the commission of a crime rather than a confession of a crime previously committed." 380 F.2d at 1017 (footnote omitted). Similarly, appellant here was not in custody nor deprived of his freedom at the time he made the statement. Further, whereas in Noland, supra, it was held Miranda has no application during the commission of a crime,

in the case at bar the crime was committed some time after appellant's statement was made. In such circumstances Miranda is not applicable. For the same reasons Escobedo has no application.

 Finally, appellant argues it was improper to admit his Selective Service File into evidence because it was not properly identified. The custodian of the records, the clerk of the local board, identified the file and her duties with respect thereto. They were properly received in evidence. Doty v. United States, 218 F.2d 93 (8th Cir. 1955).

Affirmed.

[1]. "September 9, 1966—To: Local Board No. 55 of Oklahoma County, Oklahoma City, Oklahoma—I, Donald Scott Fults, do hereby refuse and decline to perform any type of civilian work in lieu of military service. /s/ Donald Scott Fults, Registrant."