**Jeral Bliss NICKERSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9381.**

United States Court of Appeals
Tenth Circuit.

March 20, 1968.

Certiorari Denied June 10, 1968.

See 88 S.Ct. 2061.

Darrell J. Skelton, Lakewood, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant was convicted of violating 50 U.S.C. App. § 462 in that he failed to report to his local Selective Service Board for induction into the Armed Forces.

The undisputed record shows a flagrant disregard for the orders of the Board over a period of more than two years. Nickerson first registered for the draft on July 14, 1960, with the Lo-cal Board at Leavenworth, Kansas, and was thereafter classified 1–A. He requested a personal appearance before the Board, which was granted, and on May 9, 1961, he was reclassified as 3–A by reason of having a family. This status soon changed and on July 12, 1961, he was reclassified 1–A. He was ordered to report for physical examination on November 12, 1963, but failed to so report. The Board then ordered him to report for induction on December 13, 1963, and after correspondence between the registrant and the Board, this order was cancelled and an order was issued for him to report on January 20, 1964, for a physical examination. Before that date Nickerson filed the special form requesting classification as a conscientious objector and then failed to report for the physical examination. Proceedings before the Board were thereafter stayed pending consideration of the claim to conscientious objector classification. After investigation this was rejected on September 28, 1965, and Nickerson was again classified 1–A.

For a third time he was ordered to report on October 18, 1965, for physical examination and again failed to so report. He was then ordered for induction on November 8, 1965. At the request of Nickerson's mother this induction date was postponed for reconsideration of the case. On December 13, 1965, the Director of State Selective Service directed the Board to withdraw the postponement and to notify registrant to report to the Local Board on December 20, 1965, for forwarding to the Induction Center. Such order was sent to Nickerson and on December 20 he failed to report. This failure was the basis for the indictment.

A jury trial was waived and trial of the case was had to the court. Appellant's sole defense was that his classification as 1–A was improper because of his status as a conscientious objector. The trial court found him guilty as charged thus finding that there was a basis in fact for the Selective Service Board's classification of appellant as

1–A and denial of the 1–O conscientious objector classification. At appellant's sentencing it was first mentioned that he had pending against him a felony charge in the State of Kansas for child desertion and non-support.

This appeal was taken from that conviction. Thereafter a Motion to Remand was made in this court by appellant for the purpose of the taking of further evidence in the trial court to show that as of July 22, 1964, appellant had been charged with a felony in the State of Kansas for non-support of his minor child and that appellant did not have counsel during the administrative procedure leading to his classification. The Motion to Remand was heard by this court at the same time we heard the argument by counsel on the merits of Nickerson's appeal.

■ Virtually the same arguments are raised by appellant on the Motion to Remand and the appeal. Actually, it is admitted that the trial court decision was valid in finding that the Local Board had sufficient grounds for not classifying appellant as a conscientious objector. Appellant's first argument here is that he was unconstitutionally deprived of an attorney in his appearances before the Selective Service Board. It was specifically considered and decided by this court in United States v. Capson, 10 Cir., 347 F.2d 959, that a registrant is not entitled to the assistance of counsel under the Sixth Amendment for his appearances before the Selective Service Boards for classification. There have been no Supreme Court decisions on this question since our decision in Capson and appellant presents no new arguments to suggest that this decision should be reversed. Therefore, we must hold that appellant was not unconstitutionally deprived of counsel at any stage of the proceedings before the Board.

■ A hearing was had upon the claim to a conscientious objector classification before the local hearing officer of the Department of Justice in Kansas City, Kansas, who found the registrant's objections to military service to be not sincere and recommended the denial of the claimed classification. This hearing officer, in his report to the Department of Justice, did comment that "resume (sic) contained the worst report he had ever read on any registrant * * * and that the registrant probably would be of no service to the United States Government * * *." Because of the statement contained in the record before the trial court, appellant argues that the court should have determined that he was not a proper person to be inducted. There is no merit to this contention. The hearing pertained only to the substance of the claimed conscientious objector classification and the hearing officer only recommended a denial of that classification. The Local Board followed the Department of Justice recommendation and denied the classification. Thereafter, within its authority, the Board gave appellant a 1–A classification.

■ Additionally, appellant argues that as a result of not having counsel in his appearance before the Selective Service Board he was not cognizant of the significance of the felony charge pending against him and that had this information been presented to the Board it would have been obligated by Army Regulations to have classified appellant 4–F. Appellant, therefore, concluded that his classification was improper and that he could not be convicted for failure to submit to his order for induction. This argument fails on its merits for several reasons. First appellant is not entitled to an absolute exemption simply because he has a felony charge pending against him. Section 456(m) of 50 U.S.C. App. is the only section of the statute which remotely relates to appellant's position. This subsection provides that: "No person shall be relieved from training and service under this Title * * * by reason of conviction of a criminal offense, except where the offense of which he has been convicted may be punished by death, or by imprisonment for a term exceeding one year." This clearly does

not apply to the case of a registrant who has a felony charge pending against him. Additionally, it has been held that even a registrant who has a felony conviction must report to his local board notwithstanding the fact that he might eventually be granted a 4–F classification as section 456(m) was enacted for the benefit of the Armed Services and not the registrant. See Doty v. United States, 8 Cir., 218 F.2d 93. In all probability had the Local Board known of the pending felony charge against appellant it would have delayed his classification until such time as the charges were resolved. However, it is clear that the burden rests upon the registrant to present information concerning his classification to the Board [1] and having failed to do so he may not now validly claim that his classification of 1–A was illegal.

Appellant further argues to this court that Armed Forces Regulation AR 601–270–23 requires that any person having a felony charge pending against him be declared unacceptable for induction.[2] Answering this argument it may first be noted that a local Selective Service Board is a part of the executive branch of our government and is not controlled by Army Regulations. It is true that the Board works in conjunction with the Armed Forces for the selection and induction of men into the Armed Forces. But the Army Regulation cannot be applicable until the inductee passes into the control of the Armed Forces.[3] Therefore, the order of induction could not be invalidated by the existence of this Army Regulation. The Regulation does apply to that part of the induction procedure for handling those registrants who are ordered to and do appear for the physical examination prior to induction. Such examinations are conducted by the Armed Forces. Had appellant appeared as ordered for any of his physical examinations the existence of the pending felony charge probably would have been discovered by the examining authorities and he could have been declared unacceptable for immediate induction. Appellant, however, did not appear as ordered for the examinations. Appellant's failure to appear for his pre-induction examination at which time final determination of physical and moral qualifications are made precluded the applicability of the Army Regulation.

As stated above, appellant's record shows that he repeatedly disregarded orders to report for pre-induction physical examinations and for induction. Therein lies the cause of his present difficulties. The fact that had he reported as ordered it is probable that his actual induction would have been postponed until such time as the felony charge pending against him had been terminated does not present a valid defense for appellant's conviction and thus even had the information been presented to the court below the trial judge would have been required to find that appellant was guilty of violation of 50 U.S.C. App. § 462.

Appellant's Motion to Remand is denied and the judgment is affirmed.

---

1. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132; Carlson v. United States, 10 Cir., 364 F.2d 914.

2. AR 601–270–23(d) states: "Men who have criminal charges filed and pending against them alleging a violation of a State * * * statute are unacceptable * * *."

3. See Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917.