**UNITED STATES of America**
v.
**Gary David COMSTOCK.**
Crim. No. 12290.

United States District Court
D. Connecticut.

Jan. 22, 1969.

Jon O. Newman, U. S. Atty., Hartford, Conn., for plaintiff.

Karl Fleischmann, Hartford, Conn., for defendant.

## MEMORANDUM OF DECISION
## FINDINGS OF FACT
## CONCLUSIONS OF LAW

BLUMENFELD, District Judge.

This is a criminal prosecution against Gary David Comstock for willfully failing to perform a duty required of him under the Universal Military Training and Service Act, 50 App.U.S.C. § 462. The particular charge is that, after his Local Board had classified him as I-A,

he willfully failed to obey the Board's order to report for induction. It is not disputed that he refused to obey the order and that his refusal was willful, but he defends his conduct on the ground that his reclassification from II-S to I-A was invalid.

## Facts

Soon after Comstock's registration he was granted a deferment as a college student and was classified II-S. This classification was periodically renewed during his four undergraduate years and, at his request, after he became a graduate student at Cornell University's graduate school, majoring in the history of art and archeology.

On March 13, 1968, his draft board, Local Board No. 6, at Middletown, Connecticut, sent the defendant an order to report for a preinduction physical examination. On March 19, 1968, he applied to the draft board at Ithaca, New York, Local Board No. 62, for a transfer of his physical examination to Ithaca, because he was attending school there. This request was approved on the same date by Local Board No. 62, and approved by Local Board No. 6 on March 21st. As a result of his application, the defendant was ordered to report for preinduction physical examination at Ithaca on May 1st. The defendant refused to report for this examination, advising Local Board No. 62 by letter dated May 1st that he could not accept the order "in compliance with my conscience." Previously, on April 18, 1968, defendant returned his registration certificate to Local Board No. 6, with a letter explaining that he could no longer accept decisions of his Local Board. His Local Board took no action at that time.

On May 14th, Local Board No. 6 was advised by Local Board No. 62 that the defendant had failed to report for the physical examination and received a copy of a letter he had sent on May 1st to Local Board No. 62 indicating that his failure was deliberate. The same day, Local Board No. 6 declared the defendant a delinquent on two grounds: (1) his failure to report for the scheduled physical examination; and (2) abandonment of his registration certificate. Local Board No. 6, also on the same day, reclassified defendant I-A. Notice of the delinquency and reclassification were sent to the defendant the following day. The notice advised the defendant of his right to appeal within thirty days. No appeal was taken.

Thereafter, the defendant requested a personal appearance with Local Board No. 6, which was scheduled by the Board for June 18th. The defendant mistakenly understood his appearance to be scheduled for 7:45 in the morning. When the clerk of the Board advised him that the appearance was scheduled for that hour in the evening, the defendant replied that he could not wait and instead left a letter and other material with the Board. On June 18, 1968, Local Board No. 6 voted not to reopen the I-A classification and on July 22nd issued the order to report for induction.

## I. The Declaration of Delinquency

The defendant challenges the validity of the Board's action in declaring him to be a delinquent. The starting point is the March 13, 1968, order of the Board to report for a physical examination on April 4th. When this was modified on March 19, 1968, at his request, the time was extended to May 1, 1968, and the place of examination was changed to Ithaca.

Then he notified Local Board No. 6 by his letter of April 18th (received by it on the 22nd) that: "I am returning my Selective Service Registration Certificate (Selective Service No. 6 6 45 102) and informing Connecticut Local Board No. 6 of my refusal to cooperate further with the Selective Service System because I am opposed to war and to a system that conscripts men for military duty." His letter explained that his opposition to the Selective Service System was that "it is immoral," and expressed his belief that "the individual alone is responsible for his moral action," and that his decision between right and

wrong must "come from his own conscience" and not from what anyone else could tell him. His registration certificate was enclosed. On May 1st, in transmitting a copy of that letter to Local Board No. 62, at Ithaca, he reiterated: "I am opposed to war and have refused to cooperate with the system that conscripts men for war * * *." He concluded that letter by stating its purpose was "to inform you that in compliance with my conscience I cannot accept the 'Selective Service Order to Report for Armed Forces Physical Examination.'"

■■ Despite his conscientious opposition to war he was clearly subject to a declaration of delinquency for his failure to comply with the order to report for a physical examination. 32 C.F.R. §§ 1628.11, 1642.4. Even if the defendant could have established that he was a conscientious objector, that would not relieve him of the duty to report for a physical examination. Cf. Falbo v. United States, 320 U.S. 549, 553, 64 S. Ct. 346, 88 L.Ed. 305 (1944). The Board's action on May 14th in declaring him to be a delinquent on that ground was authorized by § 1624.4.

■■ The return of his registration certificate to emphasize the willfulness of his disobedience of the order furnished an additional ground for the Board's action in declaring him to be a delinquent. Section 1617.1 of the regulations requires that a registrant "must, after he is registered, have in his personal possession at all times his Registration Certificate * * *." For breach of this duty the defendant was properly determined to be a delinquent. Wills v. United States, 384 F.2d 943 (9th Cir. 1967), cert. denied, 392 U.S. 908, 88 S.Ct. 2052, 20 L.Ed.2d 1366 (1968). The contention of the defendant that to impose a

delinquency status because of his return of the registration certificate violated his first amendment rights is without merit. See O'Brien v. United States, 376 F.2d 538 (1st Cir. 1967), rev'd without consideration of this point, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); cf. Shiffman v. Selective Service Local Board No. 5, 391 U.S. 930, 88 S.Ct. 1831, 20 L.Ed.2d 849 (1968); Zigmond v. Selective Service Local Board No. 16, 391 U.S. 930, 88 S.Ct. 1831, 20 L.Ed.2d 851 (1968); Breen v. Selective Service Local Board No. 16, 406 F.2d 636 (2d Cir. 1969). See also Henkin, Forward: Toward Drawing Lines, The Supreme Court, 1967 Term, 82 Harv.L.Rev. 63, 82 (1968).

## II. The Reclassification

■ The defendant contends that he was unconstitutionally denied due process because there should have been a sufficient time interval between the declaration of his delinquency and his reclassification to enable an appeal from the delinquency determination. However, "[a]ppeal does not lie from a declaration of delinquency, but only from the reclassification that follows." Wills v. United States, 384 F.2d 943, 945 (9th Cir. 1967), cert. denied, 392 U.S. 908, 88 S.Ct. 2052, 20 L.Ed.2d 1366 (1968).

Although he later asked for, and was given, an opportunity to appear before the Board on June 18th to discuss his delinquency and reclassification, see 32 C.F.R. § 1642.14,[1] he did not avail himself of that opportunity other than by leaving the members a letter [2] and some printed material and photos relating to Vietnam "atrocities" and criticisms of the Selective Service System. On June 19, 1968, the secretary of the Board wrote to him: "You are advised the members of the Local Board at their

---

1. Section 1642.14(b) provides that the classification of a delinquent registrant who is reclassified into I-A may be reopened at any time prior to induction.

2. His letter of June 18th concluded with these words: "I do not want a new

classification. I want no classification. I want nothing to do with a system that conscripts men for war. For Peace, Gary D. Comstock."

meeting held Tuesday June 18, 1968 after study and due consideration of the contents of your file, voted not to reopen."

██ ██ The defendant further contends that his reclassification pursuant to the Board's declaration of delinquency was punitive in nature and, therefore, unconstitutional in the absence of procedural safeguards guaranteed by the fourth, fifth, sixth, and fourteenth amendments to the United States Constitution. *Cf.* Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed. 2d 644 (1963). In the only cases in which this question has been squarely presented, it has been consistently held that the classification or reclassification of a registrant for military service in no way can be considered punitive in nature. *E.g.,* Nickerson v. United States, 391 F.2d 760, 762 (10th Cir.), *cert. denied,* 392 U.S. 907, 88 S.Ct. 2061, 20 L.Ed.2d 1366 (1968); United States v. Capson, 347 F.2d 959, 962–963 (10th Cir.) *cert. denied,* 382 U.S. 911, 86 S.Ct. 254, 15 L.Ed.2d 163 (1965). This court agrees and holds that there was no denial of procedural due process in the defendant's reclassification.

### III. *The Conscientious Objection Claim*

██ The defendant makes the broad claim that the I-A reclassification was invalid because he was entitled to a deferment. Specifically, his argument is that the Board should have taken fur-

ther steps to ascertain whether he should have been classified as a conscientious objector. Insofar as his letter to the Board of April 18th, in which he returned his registration certificate, might be regarded as his claim for a I-O or I-A-O classification, the Board denied it.[3] "It is properly presumed that a registrant's board has fully considered all relevant information presented to it, and that it has classified and processed him regularly, and in accordance with the applicable statutes and regulations." Oestereich v. Selective Service Local Board No. 11, 393 U.S. 233, 241, 89 S.Ct. 414, 418, 21 L.Ed.2d 402, 408 (1968) (Harlan, J., concurring).

██ Under unusual circumstances, none of which are present or even suggested here, courts occasionally have chosen to excuse a registrant's failure to take an appeal. *See* United States v. Bryan, 263 F.Supp. 895, 899–900 (N.D. Ga.1967). He was never prevented by the Local Board from presenting to it whatever claims he had with respect to his reclassification or delinquency status. He was at no time denied a hearing or an opportunity to appear before it. No appeal was taken.[4] Since he did not exhaust his administrative remedies he may not make the claim in this proceeding that he should have been classified I-O or I-A-O. United States v. Davis, 279 F.Supp. 920 (D.Conn.1967), *aff'd,* 390 F.2d 879 (1968), or that the regulations were invalid or improperly applied. *Cf.* Oestereich v. Selective Service Local Board No. 11, 393 U.S. 233,

3. The letter advised the Board that he was opposed to the Selective Service System "because conscription is immoral," that he could "no longer submit to the judgment of Local Board No. 6 as to what I should do, for it is my conscience that tells me how I must act." His communication to the Board was open to the interpretation that his objections were based on a merely personal moral code. *See* 50 App.U.S.C. § 456(j); United States v. Seeger, 380 U.S. 163, 186, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965).

4. On the contrary, his letter of July 28, 1968, to the Board said: "I did not wish

to talk with the members briefly so as to plead for a change of my I-A classification * * *. As regards an appeal, the most important point that I wished to make was that I do not believe that another group of men has the moral authority over me to reclassify me * * *. The sincerity of my convictions cannot be decided by a five or six man board." While somewhat ambiguous, his statement reflects his apparent view that— whatever the basis for his "conscientious objection"—no draft board could be permitted to pass on whether it was "truly held." *See* United States v. Seeger, 380 U.S. 163, 185, 85 S.Ct. 850 (1965).

244–45 n. 7, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968) (Harlan, J., concurring).

For the foregoing reasons, the court finds the defendant Gary David Comstock guilty as charged.

This memorandum would not be complete without an acknowledgment of the material assistance offered by the excellent briefs of counsel.

