**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**George Edgar BAIRD, Defendant-Appellant.**

**No. 19932.**

United States Court of Appeals, Sixth Circuit.

June 5, 1970.

Victor V. Blackwell, Covington, La., for appellant.

Frank S. Spies, Grand Rapids, Mich., for appellee; John Milanowski, U. S. Atty., Frank S. Spies, Asst. U. S. Atty., Grand Rapids, Mich., on brief.

Before EDWARDS, McCREE, and COMBS, Circuit Judges.

COMBS, Circuit Judge.

This is an appeal from a judgment entered on a jury verdict finding appellant guilty of violating the Selective Service Act by failing to comply with an order to perform civilian work under a 1–O classification. Appellant has sought exemption from the draft repeatedly and on various grounds. He first claimed exemption because of dependency of his mother and sister, and was for a time classified 3–A. He subsequently filed for conscientious objector status, was granted 1–O classification, and ordered to report for civilian work. Thereafter he refused to comply with such order, and informed his Selective Service Board that he had married and that his wife had undergone brain surgery prior to marriage.

When the Board declined to reopen his case, appellant refused to report for work at a hospital designated by the Board. Following his conviction for violation of 50 U.S.C. App. § 462(a), the District Judge suspended imposition of sentence and placed appellant on probation for a period of thirty months on condition that he would accept employment for a period of twenty-four consecutive months at the hospital previously designated by the Board.

The history of appellant's case before the Selective Service Board is as follows:

| | |
|---|---|
| January 22, 1964 | — Classified 1–A. |
| April 15, 1964 | — Notified Board of dependency of mother and sister; reclassified 3–A. |
| August 10, 1965 | — Notified Board of mother's dependency; sister now employed; continued in 3–A. |
| February 10, 1966 | — Reclassified from 3–A to 1–A; apparently no appeal taken. |
| April 4, 1966 | — Filed for conscientious objector status. |
| April 13, 1966 | — Reclassified 1–A; appeal taken. |
| July 22, 1967 | — Married. |
| August 16, 1967 | — Informed Board of marriage. |
| September 29, 1967 | — Classified 1–O by Appeal Board. |
| November 24, 1967 | — Notified Board that he could not accept civilian work because of hardship to family. |
| December 5, 1967 | — Informed Board of dependency of mother and wife, and of wife's brain operation. |
| December 6, 1967 | — Board advised Baird that his case would not be reopened. |
| January 16, 1968 | — Baird appeared before Board and said he could not accept civilian work. |
| September 10, 1968 | — Ordered to report to hospital on September 20, 1968. |

■ Appellant argues first that the Board acted arbitrarily in reclassifying him from 3–A to 1–A in February, 1966. The Board's action was based on evidence that appellent lived in a household with his mother and sister; that his sister was out of school and working; that his mother had earnings from part-time work; and that another sister and her husband had moved into the home and both had jobs. Clearly, there was substantial basis in fact for the Board's action; that being so, it is not within a court's prerogative to interfere. Dickinson v. United States, 346 U.S. 389, 74 S. Ct. 152, 98 L.Ed. 132 (1953).

■ Appellant also contends that the Board arbitrarily and wrongfully refused to reopen his case in December, 1967, to consider his claim to a 3–A classification (extreme hardship to dependents). This argument is based primarily on the fact that appellant had informed the Board that his wife had undergone brain surgery prior to their marriage, and that she was unable to work. The only evidence before the Board about the wife's operation was appellant's own statement. He did not submit this information until after he had been requested to select a civilian work assignment and even then he failed to furnish any written information to substantiate a claim of dependency. He did not request or file a dependency form. There was nothing before the Board to show the nature or seriousness of the brain surgery or the extent of disability. Appellant was permitted to appear personally before the Board and its action was taken after due consideration of the information he presented. There was basis in fact for the Board's action and the failure to reopen did not constitute an abuse of discretion.

■ It is argued in conclusion that the judgment should be reversed because appellant was denied the assistance of legal counsel before the Board. No effort was made by appellant to have assistance of counsel before the Board and this question is raised here for the first time. Reliance is placed on the recent case of United States v. Weller, 309 F.

Supp. 50 (N.D.Cal.1969), review granted, 397 U.S. 985, 90 S.Ct. 1118, 25 L.Ed.2d 394, which holds that the regulation denying a registrant the right of counsel before a draft board [32 C.F.R. § 1624.1 (b)] is invalid. Prior to Weller, several circuits had held to the contrary. Haven v. United States, 403 F.2d 384 (9th Cir. 1969); Merritt v. United States, 401 F. 2d 768 (5th Cir. 1968); Fults v. United States, 395 F.2d 852 (10th Cir. 1968); Nickerson v. United States, 391 F.2d 760 (10th Cir. 1968). Since this question was not raised before the Board or the District Court, we decline to decide it on this appeal.

The judgment is affirmed.