**UNITED STATES of America,**
**Appellee,**

v.

**Larry Eugene PHIFER, Appellant.**

**No. 18376.**

United States Court of Appeals,
Seventh Circuit.

Feb. 17, 1971.

Victor V. Blackwell, Covington, La., for appellant.

John O. Olson, U. S. Atty., John E. Clarke, James R. Mack, Asst. U. S. Attys., Western District of Wisconsin, Madison, Wis., for appellee.

Before SWYGERT, Chief Judge, HASTINGS, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.

HASTINGS, Senior Circuit Judge.

Defendant Larry Eugene Phifer, a Jehovah's Witness, appeals from a judgment of conviction for willful failure to report for civilian work in lieu of induction pursuant to the Universal Military Training and Service Act, Title 50, U.S. C.A. App., §§ 451 et seq., § 462(a). We affirm.

In May, 1965, appellant was first classified I-A-O. Following a request for a personal appearance, appellant appeared before his local board and was reclassified in September, 1965, in class I-O, conscientious objector.

In October, 1965, registrant appealed to the State Appeal Board claiming that he should have been classified in class IV-D, the ministerial exemption. His appeal was denied and he was subsequently ordered to select one of three places of employment offered him for alternate service by his local board.

Registrant refused to select any of the employments offered him and was, thereafter, instructed to meet with his local board and a representative of the State Director of Selective Service to resolve such refusal. At this meeting on May 16, 1966, and by subsequent letter, registrant placed new information before the local board that he claimed entitled him to a ministerial classification. The board refused to reopen his classification and registrant was ordered to report for hospital work at the Madison, Wisconsin, General Hospital on July 26, 1966. When he failed to report, he was informed against, tried by bench trial, found guilty and sentenced to eighteen months imprisonment.

Appellant challenges his conviction asserting there was no basis in fact either for the original refusal to grant him a IV-D classification or for the refusal to reopen his classification after new evi-

dence was presented on May 16, 1966.[1] Appellant also raises for the first time at oral argument the issue of right to counsel in proceedings before the local board.

■■ In order to qualify for a ministerial exemption, a registrant must clearly establish that teaching and preaching are regularly performed and comprise the registrant's vocation. Dickinson v. United States, 346 U.S. 389, 395, 74 S.Ct. 152, 98 L.Ed. 132 (1953). It is for the local board and the Appeal Board to decide on the facts whether the registrant has sustained his burden of showing that his removal would leave a flock without a shepherd and that the ministry was his vocation, not his avocation. United States v. Norris, 7 Cir., 341 F.2d 527, 529, 530 (1965). Our review is limited to an inquiry as to whether or not there was a basis in fact for such determination by the board. Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 90 L.Ed. 567 (1946).

■ The facts before the boards at the time of the original classification demonstrate conclusively that there was a basis in fact for denying such exemption. Appellant stated in his classification questionaire, dated December 28, 1964, that his occupation was that of a "truck driver," "warehouse man" and "clerk" for a lumber company and that he worked an average of forty-four hours a week. He further stated in the occupation series that he was a "Part-time minister." In series VII of the questionnaire, appellant said he had been a minister in Jehovah's Witnesses since his baptism, August 11, 1956, and that he was pursuing a "part-time" course of instruction in the ministry at his local Kingdom Hall.

In response to questioning by local board members at his personal appearance, defendant stated, in substance, that he worked nine hours a day when possible for H. Richter; that he devoted ten hours a week to church work; that his rank in the congregation was no higher than the rest of the members; that he had no official capacity or title; and that the head of the congregation was W. Thomas. When asked if there were anything which he wished to tell the board, he replied, "I am considered assistant—about a year."

Clearly, he did not consider himself as pursuing the ministry as a vocation, and the hours devoted to his regular occupation compared to those devoted to his "part-time" ministry bore him out. The original classification is, therefore, supported in fact and was valid.

At the May 16, 1966 meeting, appellant stated that he was an assistant presiding minister of the Eagle River, Wisconsin, Congregation of Jehovah's Witnesses and he showed a letter from the Watchtower Society certifying him as a literature servant for his congregation. *He further said that he would be a minister in six months to two years and that he was working for a living.* He asked that his classification be reopened and, in response to a question posed by the representative of the State Director, said that he was devoting about one hundred hours a month to the ministry.

Subsequently, appellant mailed a letter to the board summarizing what took place at the meeting. Attached to the letter was a statement signed by seventeen people recognizing appellant as "a duly ordained minister" and the letter from the Watchtower Society shown at the meeting.

The Selective Service regulations provide that a "local board may reopen and

---

1. Appellant also argues that the Government failed to establish his guilt beyond a reasonable doubt in that it did not overcome the prima facie case he claims was established for his ministerial exemption by conclusively showing a basis in fact for the local board's denials. If the exemption were properly denied and the refusal to reopen the classification were proper, the Government's burden would have been met. Accordingly, we shall treat this issue as concomitant with those two.

consider anew the classification of a registrant * * * [if presented with] facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification. * * *" 32 C.F.R. § 1625.2. The Supreme Court has held that it is an abuse of discretion for a local board to refuse to reopen a classification where the registrant has set out new facts which establish a prima facie case for a new classification, unless the truth of the new allegations is conclusively refuted by other reliable information in the registrant's file. Mulloy v. United States, 398 U.S. 410, 415–416, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970).

■■■ Relying on United States v. Ransom, 7 Cir., 223 F.2d 15 (1955), appellant claims the new facts alleged establish a prima facie case and the board's refusal to reopen his classification was without a basis in fact and was an abuse of discretion. We disagree.

In *Ransom*, the defendant was convicted for refusal to perform civilian work. After his classification he presented evidence showing that he spent 100 hours a month preaching from door to door; that he was a certified "pioneer" minister; that he had been appointed a "Territory Servant" and "Assistant to the Company Servant;" and that "his only secular activity was about one day per week spent working on his parents' farm for his board and room." We reversed the conviction since defendant had established a prima facie case and there was no basis in fact for the local board's disbelief that the defendant was following the ministry as a vocation.

In the instant case, however, appellant did not establish a prima facie case for a ministerial exemption. Although appellant claimed he was devoting one hundred hours a month to the ministry,

there was nothing in the new evidence to refute his own statements, present in his file, of hours spent in secular work. Appellant restated that he was working for a living and said that he would not be a minister until six months to two years following the meeting.

The secular and religious work mix present in this appeal closely approaches that in United States v. Norris, *supra.* In *Norris*, defendant was convicted for refusing to report for civilian duty. His questionnaire demonstrated that he devoted 112 hours a month to various forms of ministerial work and he described himself to the Selective Service authorities as "appointed Minister," "Ministerial Assistant" and "bible study conductor." He also stated that he worked forty hours a week in secular work. This court, in affirming his conviction, held that the Appeal Board had a basis in fact for the denial of the ministerial classification.

Appellant's claim for ministerial exemption was thus refuted by evidence in the file and his own statements as to his occupation. The law only requires "that there be some proof that is incompatible with the registrant's proof of exemption." Dickinson v. United States, *supra*, 346 U.S. at 396, 74 S.Ct. at 157. Accordingly, the local board did not abuse its discretion in refusing to reopen and reconsider appellant's classification.

Appellant finally claims he was denied the right to counsel in the various proceedings before his local board. This issue was neither raised at the trial level nor briefed.[2] Reliance is placed on United States v. Weller, 309 F.Supp. 50 (N.D.Cal.1969), review granted, 397 U.S. 985, 90 S.Ct. 1118, 25 L.Ed.2d 394 (1970), wherein the district court held the regulation prohibiting representation by counsel before the local boards, 32 C.F.R. § 1624.1(b), invalid.[3] Appel-

---

2. This same counsel presented this issue in United States v. Baird, 6 Cir., 427 F.2d 521 (1970). In that case the court refused to consider it because it was not raised below. *Id.* at 523.

3. It has been consistently held that there is no constitutional right to counsel in local board proceedings. See, *e. g.,* Chaney v. United States, 5 Cir., 406 F. 2d 809 (1969); Nickerson v. United

lant's counsel has urged that we take the instant case under advisement until such issue is decided by the Supreme Court.

This court took under advisement the case of United States v. Freeston, 7 Cir., 423 F.2d 1311 (1970), pending decision by the Supreme Court in Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970). *Freeston* was decided on an issue neither raised at the trial level nor on appeal. This court noted "striking parallels" between the facts before it and those before the Court in *Gutknecht.*

In the instant appeal, there are no such similarities. In *Weller,* defendant's attorney requested permission of the local board to be present during defendant's personal appearance to advise him of his rights. The board relying on 32 C.F.R. § 1624.1(b) denied the requested permission. The court there held the regulation invalid on the theory that only Congress could explicitly authorize the denial of counsel in hearings before the local draft boards, not the President through his regulations, since the President could not raise an army, through induction, without Congressional legislation. The court concluded that since Congress did not specifically authorize the denial of counsel in the Selective Service Act, the regulation was invalid.

In the instant appeal, it is undisputed that appellant did not request, by himself or through an attorney, representation by counsel before the local board. Counsel excuses such failure on the theory that any such request would have been futile. There is nothing in the record to indicate that such request would have been made even if 32 C.F.R. § 1624.1(b) were invalid. We decline to take this case under advisement [4] and we hold that appellant was not denied the right to counsel, if indeed there was

such right, in the proceedings before the local board.

The judgment of conviction is accordingly affirmed in all respects.

Affirmed.

---

States, 10 Cir., 391 F.2d 760 (1968); United States v. Dicks, 4 Cir., 392 F. 2d 524 (1968). *But cf.,* Goldberg v. Kelly, 397 U.S. 254, 270, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

4. The record reveals that there was an interval of two years between trial of this action and sentencing.