**UNITED STATES of America,**
**Plaintiff,**

v.

**Warren William MATZ, Defendant.**
**No. 69–CR–108.**

United States District Court,
E. D. Wisconsin.

March 10, 1971.

---

David J. Cannon, U. S. Atty., by Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

James R. Mattison, Milwaukee, Wis., for defendant.

## MEMORANDUM OPINION

REYNOLDS, District Judge.

Warren William Matz is charged in a one-count indictment with willfully failing to report as ordered for civilian work after being classified I-O by his local board. He entered a plea of not guilty, waived trial by jury, and was tried by the Court.

The record discloses that on June 28, 1967, defendant's local board classified him I-O (conscientious objector available for civilian work) after reviewing the special form for conscientious objectors (Form 150) submitted by the defendant. On May 3, 1968, the defendant underwent the physical examination as ordered by his local board and was found acceptable.

On December 4, 1968, the defendant met with his local board pursuant to 32 C.F.R. § 1660.20(c) in an attempt to agree on the type of civilian work that he should perform in lieu of induction. The board had offered Mr. Matz work at hospitals in one of three Wisconsin cities: Chippewa Falls, Madison, or Milwaukee. At the meeting the defendant and the board were unable to reach agreement on the type of civilian work to be performed. Thereafter, on January 22, 1969, the local board advised Mr. Matz, pursuant to 32 C.F.R. § 1660.-20(d), that he had been assigned work at Madison General Hospital. After the December 4, 1968, meeting with the local board and before the notification of work assignment, the defendant advised the board of his intention to be married.

On January 27, 1969, the defendant was mailed a Form 153, "Order to Report for Civilian Work." The reporting date was February 10, 1969.

On February 1, 1969, the defendant wrote to his local board and informed it that he was now married; that his wife was seventeen and a senior in high school. The letter also stated that the defendant was his wife's only means of support.

On February 3, 1969, in another letter to the local board, Mr. Matz reiterated the information contained in his February 1 letter and indicated that he would not be able to report for civilian work for those reasons as well as because of his religious convictions.

On February 10, 1969, the defendant did not report for civilian work.

On February 11, 1969, the local board reviewed the matter and found "no change that would warrant reclassification."

On February 14, 1969, the local board contacted the State Headquarters for Selective Service "for counseling on further handling of the case."

Thereafter on April 2, 1969, State Headquarters advised the local board of "a possible procedural discrepancy * * * in that the registrant entered a late claim for deferment in Class III–A for dependency." It was recommended that the board rule on the claim "under section 1625.2."

On April 9, 1969, the local board again reviewed the matter and its action as reflected in the minutes was: "Letter of Feb. 1, 1969 and Feb. 3, 1969 regarding marriage and refusal to report reviewed again. Board authorizes reissuance of order to report for civilian work."

On April 11, 1969, a second "Order to Report for Civilian Work" was mailed to the defendant ordering him to report on April 21, 1969. He did not report. The instant indictment followed on August 12, 1969.

The sole defense raised at the trial was that the local board abused its discretion under 32 C.F.R. § 1625.2 when it failed to reopen defendant's classification after receipt of the letters of February 1 [1] and February 3, 1969.[2] These letters, it is contended, contain sufficient facts to show defendant's entitlement to a dependency deferment.

Section 1625.2 provides in part:

"The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; * * *."

■ It is firmly established that although the language of 32 C.F.R. § 1625.2 is permissive, if a registrant sets forth new facts that establish a prima facie case for a new classification, the board must reopen to determine whether he is entitled to that classification.

---

1.                    February 1, 1969
Registered Mail
Outagamie Co. Local Bd. 53
Selective Service System
Court House Annex
Appleton, Wisconsin 54911
Dear Mrs. Jeske:

This letter is to confirm the previous letter of January, 1969, in which I stated that I was going to get married and change my address.

My wifes' maiden name is Lynnda Josephine Coisman and her former address was 608 East Pearl Street, Seymour, Wisconsin. Her fathers' name is Norman J. Coisman. We were married on January 25, 1969 at five o'clock at the Kingdom Hall of Jehovah's Witness's, 2036 South Ridge Road, Green Bay, Wisconsin. The presiding minister was Mr. Kennith Sheffers, 1336 South Norwood Avenue, Green Bay, Wisconsin.

My wife is presently seventeen years of age and is attending Appleton High School, West, as a senior. She previously attended Seymour Community High School. As she is under eighteen years of age and does not have a diploma or a full education, I am her only means of support.

Thank you for your consideration.
                Respectfully yours,
                (s)
                Warren W. Matz

2.                    February 3, 1969
Registered Mail
Outagamie Co. Local Bd. 53
Selective Service System
Court House Annex
Appleton, Wisconsin 54911
Dear Mrs. Jeske:

Due to my religious convictions which I explained during my personal appearance and due to the fact that I have living with me a minor, seventeen years of age, still attending school, of whom I am her sole means of support, I will not be able to report to Madison General Hospital as of your letter of January 27, 1969.

Your co-operation will be appreciated.
                Respectfully yours,
                (s)
                Warren W. Matz

Failure to reopen is an abuse of discretion. Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970); United States v. Phifer, 440 F. 2d 462 (7th Cir., Feb. 17, 1971); United States v. Freeman, 388 F.2d 246 (7th Cir. 1967); United States v. Ransom, 223 F. 2d 15 (7th Cir. 1955).

The dependency deferment is created by 50 U.S.C.A. App. § 456(h) (2) which provides in part:

> "* * * The President is also authorized, under such rules and regulations as he may prescribe, to provide for the deferment from training and service in the Armed Forces (1) of any or all categories of persons in a status with respect to persons (*other than wives alone, except in cases of extreme hardship*) dependent upon them for support which renders their deferment advisable * * *." (Emphasis added.)

The pertinent regulation, 32 C.F.R. § 1622.30(b), provides:

> "In Class III–A shall be placed any registrant whose induction into the armed forces would result in *extreme hardship (1) to his wife* * * * who is dependent upon him for support * * *." (Emphasis added.)

■ Under the applicable laws the issue to be resolved is whether the letters of February 1 and February 3, 1969, contain such new facts amounting to a prima facie showing that extreme hardship would result to the defendant's dependent wife by reason of the defendant's obligation under the selective service laws. I am of the opinion that the letters do not constitute such a showing.

The letters indicate only that defendant is married to a minor, in her last year of high school, who is dependent upon him for support. The letters contain no additional information tending to demonstrate any extreme hardship. The local board, when presented with this scant information, cannot be said to have abused its discretion in refusing to reopen the defendant's classification. Marriage to a dependent wife is not in itself a prima facie showing of extreme hardship.

■ For these reasons I find that the defendant is guilty of the offense described in the indictment. I request that the probation department prepare a presentence report. When the report is completed, this matter will be set on the court's calendar for a formal adjudication of guilt and imposition of sentence.