Nathan Tony JONES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24565.

United States Court of Appeals
Fifth Circuit.

Jan. 17, 1968.

Victor V. Blackwell, Covington, La.,
for appellant.

Tyrus R. Atkinson, Jr., Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., for appellee, Daniel O. Omer, Gen. Counsel, Selective Service System, Robert T. Hays, Colonel, U.S.M.C. Asst. Gen. Counsel, Macon, Ga., of counsel.

Before COLEMAN and GOLDBERG, Circuit Judges, and HANNAY, District Judge.

HANNAY, District Judge:

The appeal is from a conviction for failure to report for purposes of a civilian work assignment pursuant to a duly authorized order of Appellant's local Selective Service Board. The offense is in violation of the federal Universal Military Training and Service Act, Title 50, U.S.C.A.App. Section 462.

The right of trial by jury was effectively waived by the Appellant and all issues, of law and of fact, were by his request submitted for determination by the trial judge. United States v. Jones, D.C., 263 F.Supp. 943.

Appellant claims that he is a duly ordained and constituted minister in the Jehovah's Witnesses religious denomination and is thereby within the ministerial exemption provision of the federal Universal Military Training and Service Act. Title 50 U.S.C.A.App. Section 466 (g). Appellant's present attack upon the agency classification and ensuing legal conviction is essentially two-fold. The first is that the agency denial of ministerial status is erroneous. The other is that the selective service board denied Appellant procedural due process of law in determining his status—more particularly as this pertained to its action, or inaction, subsequent to final classification.

## I.

The record reveals that appellant was before the selective service system for some two and one half years between the filing of his classification questionnaire in December of 1963, at which time he was nineteen years of age, and May of 1966, when he was ordered to report for civilian duty in lieu of induction. His original claim for classification included the exemptions of both conscientious objection and the ministry.

The status of Conscientious Objector was eventually granted to Appellant pursuant to his appeal from an original classification of I–A. This came about by recommendation of the Department of Justice (July 13, 1965) to the Selective Service Appeal Board which furnished Appellant with a copy of this recommendation and notified him that he had thirty days in which to file a reply to it. No reply was forthcoming by the Appellant within the prescribed thirty days and the Appeal Board granted Appellant the Conscientious Objector Classification on September 17, 1965 and thereafter duly notified him of this action.

Relative to the claim of ministerial exemption, Appellant originally demonstrated that he had been a member of the Jehovah's Witnesses since 1954 and that he was preparing for the ministry as a student. The original questionnaire reflected that he spent from three to five hours a week doing religious work in public, attended Bible study meetings of his congregation on a regular basis, and personally presided over a Bible study once each week.

Significantly, however, an original questionnaire revealed that his occupation was that of an "apprentice electrician" and in this gainful employment he worked an average of forty hours a week.

As heretofore indicated, and notwithstanding the foregoing, Appellant was originally classified I–A. During the pendency of his appeal from this classification, Appellant addressed a letter to the Local Board (February 20, 1965) stating that beginning March 1, 1965, he would be devoting full time to the ministry. (Before then, Appellant had been told by the Local Board, in a personal appearance requested by him after the original classification and prior to the appeal, that he would have to be a full-time minister or a recognized ministerial student to qualify for the ministerial exemption.) Accompanying this

letter of February 20, 1965, was evidence that he was to serve the Jehovah's Witnesses as a "Vacation Pioneer" from March 1 to May 31, 1965. There is nothing in the record before this Court to contradict the conclusion of the trial judge, who had the entire selective service file before him that the Vacation Pioneer Service is a temporary ministry within the sectarian discipline in question. Other evidence was submitted to the Appeal Board, untimely and of inconsequential weight, to the effect that Appellant had served a congregation of Jehovah's Witnesses as of May 11, 1965, as an Accounts Servant and Book Study Conductor (accompanying Appellant's mentioned letter received by the Appeal Board on October 20, 1965).

■ The criteria that govern the ministerial exemption from military service are succinctly stated in the 5th Circuit case of Wood v. United States (March 3, 1967) 373 F.2d 894, reversed on other grounds, to-wit, failure of the trial court to make full inquiry concerning the accused's request for court-appointed trial counsel under circumstances suggesting possibility of only partial ability on the part of accused to retain counsel of his own in light of newly applicable provisions of the federal Criminal Justice Act, 18 U.S.C.A. Section 3006A(c) and (f), in Wood v. United States, 389 U.S. 20, 88 S.Ct. 3, 19 L.Ed. 2d 20 (October 16, 1967), wherein Circuit Judge Brown spoke for a unanimous Court:

"Under the statutory definitions, a minister is one who, ordained in accordance with the formalities required by his religious denomination, preaches and teaches its religious tenets as his regular and customary vocation, and not merely irregularly or incidentally. Most important the registrant bears the burden of clearly establishing a right to the exemption. * * * The Board has no affirmative duty to ascertain whether or not the registrant qualifies for the exemption. * * *"

" * * * review by the Courts is ordinarily limited to determining whether there is any basis in fact for the classification given. * * * Where the local Board has denied the claimed exemption, this Court has construed these cases to require that there be 'some proof that is incompatible with the registrant's proof of exemption.' Wiggins v. United States, 5 Cir., 261 F.2d 113, 114. * * *"

The restrictive nature of the exemption and the burden of proof incumbent upon its claimant is clear.

In Fitts v. United States, 5 Cir., 334 F.2d 416, at 421, Circuit Judge Wisdom stated for a unanimous Court in denying the religious exemption in another Jehovah's Witness case:

"First, the registrant must have the ministry as a *vocation* rather than as an avocation. * * * conscientious objection must be decided wholly on the subjective state of the registrant's mind. The problem is different in deciding the ministerial exemption, where 'the issue is the nature of his activities' *and an objective determination* can be made." (Emphasis added throughout)

Black's Law Dictionary, 4th Edition, defines "Vocation: as 'One's regular calling or business.' The word and legal concept 'avocation' is defined therein as 'a subordinate or occasional occupation' ". Both definitions cite Mutual Life Ins. Co. of New York v. Enecks, 41 Ga.App. 644, 154 S.E. 198, 199.

The foregoing authorities elucidate and reiterate the governing principles established in: Dickinson v. United States, 34 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132; Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Billings v. Truesdell, 321 U.S. 542, 543, 64 S.Ct. 737, 88 L.Ed. 917; Estep v. United States, 327 U.S. 114, 115, 66 S.Ct. 423, 90 L.Ed. 567; Witmer v. United States, 348 U.S. 375, 377, 75 S.Ct. 392, 99 L.Ed. 428.

■ As pointed out by the United States Supreme Court in Witmer v.

United States, supra, and reiterated by the 5th Circuit Court of Appeals in Wood v. United States, supra (page 898 of 373 F.2d) United States District Court should not purport to and cannot sit as:

> " * * * super draft boards, substituting their judgments on the weight of the evidence for those of the designated agencies."

The test which the District Court had jurisdiction to apply is clearly stated in Wood v. United States, supra (page 897):

> "Where the local Board has denied the claimed exemption, this Court has construed these cases to require that there be 'some proof that is incompatible with the registrant's proof of exemption'". Citing Wiggins v. United States, 5 Cir., 261 F.2d 113, 115.

■ It follows from the foregoing that the substantive determination below of Appellant's non-entitlement to the ministerial exemption is not erroneous.

### II.

■ Equally without merit is Appellant's contention that he was denied constitutional due process by the selective service system in its consideration of his case. The record reveals that he was granted a personal interview after the original classification. It is most significant that his general agency appeal resulted in a Justice Department recommendation. Petitioner was duly notified by the Appeal Board and granted the prescribed period in which to make his reply which he did not timely do. The discernable record does not reveal that any of his letters to the Board amounted to a request for reopening his case accompanied by the necessary evidence to indicate a *bona fide* change of status. See: United States v. Mohammed, 7 Cir., 288 F.2d 236, 242, cert. denied 368 U.S. 820, 82 S.Ct. 37, 7 L.Ed. 2d 26.

Not one of the letters in question is shown to have been filed within the ten day period after notice as required by the applicable Selective Service Regulation, Section 1624.1. See, United States v. Jones, supra, 263 F.Supp. at 951. At all material times, Appellant knew of his classification or such was timely made known to him. There is no appearance of procedural irregularity by the Board. Far less is there any suggestion of resulting prejudice to Appellant necessary to constitute an agency procedural grimace, if any, a constitutional denial of due process. See: Rowton v. United States, 6 Cir., 229 F.2d 421, cert. den. 351 U.S. 930, 76 S.Ct. 788, 100 L.Ed. 1460, cited with approval in Pate v. United States, 5 Cir., 243 F.2d 99, at 104 (1957).

■ The record supports rather than rebuts the presumption of regularity that now attends the official proceedings of the Board. See: Greer v. United States, 5 Cir., 378 F.2d 931 (1967).

For the foregoing reasons the judgment below should be, and is hereby,

Affirmed.