Gregory Lee **MERRITT**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 25840.

United States Court of Appeals
Fifth Circuit.

Oct. 15, 1968.

Parks W. Bell, Roland T. Bandy, Dallas, Tex., for appellant.

Ralph H. Harris, III, Reese L. Harrison, Jr., Asst. U. S. Attys., Ernest Morgan, U. S. Atty., Western District of Texas, San Antonio, Tex., for appellee.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

Appellant, a Jehovah's Witness, contending that he is entitled to a ministerial exemption, seeks reversal of a judgment of conviction of failing and refusing to perform civilian work under the Universal Military Training and Service Act, 50 App.U.S.C.A. § 456(j) and 462(a). We affirm.

Convinced that the factual setting of this case does not take it out of the ambit of well settled precedents, it suffices to say that the record clearly discloses that the appellant wholly failed to discharge his burden of establishing a prima facie case for a ministerial exemption, Dickinson v. United States, 1953, 346 U.S. 389, 74 S.Ct. 152, 98 L. Ed. 132; Witmer v. United States, 1955, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428; Matyastik v. United States, 5 Cir. 1968, 392 F.2d 657; Jones v. United States, 5 Cir. 1968, 387 F.2d 909; Wiggins v. United States, 5 Cir. 1958, 261 F.2d 113, and that there was substantial basis in fact for the local board's declination to reopen the appellant's classification as a conscientious objector and to grant him a ministerial exemption. Estep v. United States, 1946, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567; Wood v. United States, 5 Cir. 1967, 373 F.2d 894, vacated, other grounds, 389 U.S. 20, 88 S.Ct. 3, 19 L.Ed.2d 20; Greer v. United States, 5 Cir. 1967, 378 F.2d 931; Fitts v. United States, 5 Cir. 1964, 334 F.2d 416.

Appellant's further assertion that his constitutional rights have been violated because of the absence of provisions in the Selective Service Act and Regulations for representation by counsel before the local board, for compulsory process, and for the confrontation of witnesses against him, is without merit. The procedure under the draft law and classification by a local board is in no way penal, nor is it a criminal trial with the right to be represented by counsel, and to call, examine and cross-examine witnesses. United States v. Capson, 10 Cir. 1965, 347 F.2d 959, 962; Imboden v. United States, 6 Cir. 1952, 194 F.2d 508, 513, cert. denied, 343 U.S. 957, 72 S.Ct. 1052, 96 L.Ed. 1357.

Affirmed.