**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Verstell WILLIS, Defendant-Appellant.**

**No. 26748.**

United States Court of Appeals Fifth Circuit.

April 18, 1969.

* Judge Carl McGowan of the District of Columbia Circuit, sitting by designation.

Omar W. Franklin, Jr., Valdosta, Ga., (Court-appointed) for defendant-appellant.

Floyd M. Buford, U. S. Atty., Walker P. Johnson, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before GEWIN, McGOWAN * and MORGAN, Circuit Judges.

PER CURIAM.

This is an appeal from a denial of a IV-D selective service classification (ministerial exemption) by Local Board No. 141, Tift County, Georgia. Appellant Verstell Willis was originally classi- fied as I-A by the local board; however, this designation was modified to a I-O classification (conscientious objec- tor) by the Appeals Board. Willis sub- sequently refused to report for civilian employment and was therefore convicted of violating the Universal Military Training and Service Act, 50 U.S.C. App. § 462 (1964). The district judge heard the case without a jury and sen- tenced Willis to two years imprisonment.

Appellant Willis, a Jehovah's Witness, contended before the local board that he qualified for a ministerial exemption in that he has studied the Bible since he was twelve years of age and has attended and is attending the Theocratic (Minis- try) School; is actively preaching his beliefs and attends all church meetings; has given public expression to his views at the ministry school and in door-to-door field ministry; has dedicated his life exclusively to Jehovah; and is a Congre- gation Publisher of the Watchtower Bi- ble and Tract Society. The trial court held that these facts were insufficient to make out a prima facie case before the board for a ministerial exemption. During the trial, Willis further revealed that he held the positions of Magazine and Territory Servant and Literature Servant in his church.

After a thorough and sifting review of the case law, the Court con- cludes that the decision of the trial judge must stand. The teachings of Matya- stik v. United States, 392 F.2d 657 (5 Cir., 1968), acknowledge that the "bur- den is on the registrant to make out a prima facie case for exemption before the local board". Under the treble test developed in Fitts v. United States, 334 F.2d 416 (5 Cir., 1964), as to the deter- mination of the ministerial exemption, Willis fails to make a prima facie case for the exemption. Since the newly al- leged facts at the trial failed to adequate- ly supplement the evidence in making a prima facie case, we affirm the trial court.

* Judge Carl McGowan of the District of Columbia Circuit, sitting by designation.

Willis' final contention is without merit in that we have recently decided that there is no guaranteed constitutional right to counsel in dealings with a local selective service board. Merritt v. United States, 401 F.2d 768 (5 Cir., 1968).

We affirm.