**William M. RADCLIFFE, Petitioner-Appellant,**

v.

**J. J. CLARK, Warden, et al., Respondents-Appellees.**

No. 71-2210.

United States Court of Appeals,
Fifth Circuit.

Nov. 22, 1971.

William M. Radcliffe, pro se.

John W. Stokes, Jr., U. S. Atty., E. Ray Taylor, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This appeal comes to us from the district court's denial of Radcliffe's petition for habeas corpus seeking credit on his federal sentence for time served in

state custody.[1] After a response was filed by the appellee, the court held that no credit was due the appellant. We agree, and affirm the judgment below for the reasons expressed in the heretofore unpublished opinion of District Judge Sidney O. Smith, Jr., appended hereto.

Affirmed.

## APPENDIX

Filed: May 10, 1971

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM M. RADCLIFFE

versus　　Civil Action No. 14944

J. J. CLARK, WARDEN

This is a petition for a writ of habeas corpus filed by a federal prisoner seeking immediate release on the grounds that under Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970) he is entitled to credit on his federal sentence for time spent in a state jail.

On December 2, 1966, the petitioner was given a mandatory release from federal prison, with 364 days remaining to be served on a 1964 sentence. On April 27, 1967, he was arrested on state charges for which bail was set at $5,000. A federal mandatory release violator's warrant was filed with state authorities on May 7, 1967. Petitioner never obtained release on bail. He received a four year sentence on the state charges on September 16, 1967. The sentence specified that it was to run from April 28, 1967, and was to be concurrent with any sentence received in petitioner's pending new federal case. While serving his state sentence, petitioner was also indicted and tried on the new federal charges, and received a four year federal sentence. The judge recommended that the state prison be designated as the place for service of this sentence, so that the state and new federal sentence would run concurrently.

When petitioner completed service of the state sentence October 9, 1969, he was transferred to federal custody to complete service of the new four year federal sentence.* He completed service of this sentence January 9, 1971, at which time the mandatory release violators warrant was executed, and petitioner began to serve out the 364 days remaining on the 1964 federal sentence. Petitioner claims he was denied release on bail solely because of the presence of federal detainer, and therefore claims credit on his federal sentence for the time he spent in state jail between May 7, 1967, when the federal detainer was lodged against him, and September 16, 1967, the date of his state conviction.

The Court does not agree. If petitioner received credit for that period of time on his state sentence, he is not entitled to credit on the federal sentence in connection with which the parole violator's warrant was issued. Wener v. United States, (unpublished) (4th Cir., No. 12146, filed February 10, 1969). In Davis, apparently petitioner did not receive credit on his state sentence for presentence state custody. See 425 F.2d at 240. In the instant case, the respondent claims that petitioner did receive such credit, and the documents submitted confirm that contention.

The recent case of Willis v. United States, 409 F.2d 830 (5th Cir., No. 30700, filed February 10, 1971), does not require a different result. There, the petitioner had been arrested by federal authorities and admitted to bail. On October 31, 1968, he was arrested by

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

* The respondent has not yet submitted documentary evidence of this fact, but it is not central to the issues raised, and is not in dispute.

Georgia authorities. Thereupon the federal bail was revoked, and state bail was refused because a federal detainer was lodged against him. He was first sentenced on the Federal charges, and then on December 10, 1968, on the state charges, the state sentence designated to run concurrently with the federal sentence. The state court also gave the petitioner credit on his state sentence for the time spent in custody between October 31, 1968, and December 10, 1968, but the action did not result in any reduction in the time *Willis* would actually have to spend in jail, because the federal sentence was not scheduled to expire until nearly a year after the state sentence.

*Willis* sought credit on his federal sentence for the time between October 31, 1968, and December 31, 1968, the date of his federal commitment. The Court of Appeals stated that he was not entitled to federal credit for the time after the state conviction, because during that period he was actually serving a state sentence for crimes unrelated to the federal charges, citing *Sanders v. McGuire*, 405 F.2d 881 (5th Cir. 1968). But the Court of Appeals did hold that the remaining portion of petitioner's claim, credit for the time between his arrest October 31, 1971, and state conviction December 10, 1971, was controlled by *Davis v. Attorney General*, 425 F.2d 238 (5th Cir. 1970). Apparently, the basis for that ruling is that in the circumstances presented by *Willis*, granting him credit on his state sentence worked no actual reduction in the total length of his incarceration on account of the state sentence and the federal sentence underlying the detainer which blocked his release on state bail.

The instant case is quite different. Petitioner's 1964 federal conviction was for forgery and possession of stolen mail. The 1967 state charges were larceny of an automobile. The 1967 federal conviction was for mail theft. In this case, granting petitioner presentence credit on his state sentence would indeed reduce the total length of his incarceration on account of the state sentence and the federal sentence underlying the detainer which blocked his release on state bail, but for the intervention of the unrelated 1967 federal sentence. The inequity confronting the Court of Appeals in *Willis* is not present here.

In short *Willis* is a case where the Court of Appeals required giving a prisoner double credit for presentence custody, because to allow credit only on the state sentence would mean that the prisoner received no actual reduction in incarceration due to the fortuitous circumstance that the two sentences were concurrent, with the federal sentence in connection with which the detainer issued expiring after the state sentence. In the instant case, the federal sentence underlying the detainer, and the state sentence on which petitioner was allegedly denied bail on account of that detainer, are "consecutive."

Accordingly, petitioner is not entitled to the credit he seeks, and the petition for a writ of habeas corpus is denied.

It is so ordered.

This the 7th day of May, 1971.

(Signed) SIDNEY O. SMITH, JR.

Sidney O. Smith, Jr.
United States District Judge