**UNITED STATES of America,**
**Appellee,**

v.

**James Adam WOOD, Appellant.**

**No. 71–1571.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 1, 1971.

Decided Feb. 2, 1972.

John J. Beall, Jr., Roanoke, Va., Court-appointed (Hunter, Fox & Trabue, Roanoke, Va., on brief), for appellant.

Birg Sergent, Asst. U. S. Atty. (Leigh B. Hanes, Jr., U. S. Atty. and James G. Welsh, Asst. U. S. Atty., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and RUSSELL and FIELD, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The appellant, convicted of refusing to submit to induction into the Armed Forces in violation of Section 462, 50 U. S.C.App., registered with the Selective Service System in November, 1964, upon attaining eighteen years of age. Until June, 1970, he was classified 2–S and enjoyed a student deferment. The middle of June, 1970, after graduating from college, he was reclassified 1–A. In July, 1970, following this reclassification, he submitted his application to his Local Board for classification as a conscientious objector. Two months later, he was personally interviewed by his draft board. The board thereafter denied the application.[1] Ordered to report in January, 1971, he refused induction, and indictment and conviction followed. From such conviction he has appealed.

We affirm.

It is appellant's first contention that he was improperly denied a

---

1. In its denial of appellant's application, the Local Board stated: "The board cannot decide that the registrant's moral, ethical, or religious belief of opposition to all wars in any form is sincerely held, but concludes that it will not grant a 1–O classification."

conscientious objector classification without a statement by his Local Board of the reasons for such denial. It is settled that the burden of establishing a right to a conscientious objector classification rests on the registrant.[2] Unless, by his application, along with his supporting data, the registrant establishes a *prima facie* right to such classification, the Local Board may deny the application and need not set forth any grounds or reasons for the denial.[3] In other words, the requirement that the Board articulate its reasons for denial is dependent upon the registrant establishing a *prima facie* claim. In this case, the appellant failed to establish, by his application and supporting material, a *prima facie* right and the action of the Local Board in denying the claim to a conscientious objector classification was in order and there was no necessity under those circumstances for the Board to provide reasons for its denial.

The appellant is not inarticulate or uneducated. He is a college graduate. As such he was fully qualified to state his beliefs fully and clearly. Yet it is manifest that the reasons given by the registrant himself for his classification as a conscientious objector are obscure —it might even be said they are studiously "cryptic"[4] and strikingly sparse, if not entirely devoid, of any relevant detail. In describing his belief on which he based his claim, he stated in his Form 150 application: "By the miracle of life, I have been given a liberty to pursue a state of happiness and peace." By way of explanation of the origin of this belief, as called for in another question on his Form 150, he added, "It is my belief that I have been endowed with a free will by my Creator". What really the registrant is expressing, it would seem, is a freedom of will, but not a deeply felt conviction of conscience against participation in war. He certainly is not setting forth any religious, ethical or moral belief, imposing "upon him a duty of conscience to refrain from participating in any war at any time" and held with the strength of traditional religious convictions.[5] Nor does he identify any occasion or situation in which, either "publicly or privately, written or oral", he has given expression to the views on which he based his claim.[6]

2. Dickinson v. United States (1953), 346 U.S. 389, pp. 394–395, 74 S.Ct. 152, 98 L.Ed. 132; Austin v. United States (5th Cir., 1970) 434 F.2d 1301, 1303, cert. den. 402 U.S. 1012, 91 S.Ct. 2196, 29 L.Ed.2d 435; United States v. Washington (6th Cir., 1968) 392 F.2d 37, 39; United States v. Schoebel (7th Cir., 1953) 201 F.2d 31, 32.

3. Peckat v. Lutz (4th Cir., 1971) 451 F.2d 366; United States v. Broyles (4th Cir., 1970) 423 F.2d 1299, pp. 1303–1305; United States v. James (4th Cir., 1969) 417 F.2d 826, 832.

4. Even his counsel, in his brief filed with this Court, has described his answers to the questions set forth on his Form 150 as both "cryptic" and "terse".

5. See Welsh v. United States (1970) 398 U.S. 333, 340, 90 S.Ct. 1792, 26 L.Ed.2d 308.

6. The full answers of the registrant to the four questions propounded on his Form 150, which was his application for a con-

scientious objector classification, are as follows:

"Question 1: Describe the nature of your belief which is the basis of your claim and state why you consider it to be based on religious training and belief.

"Answer: By the miracle of life, I have been given a liberty to pursue a state of happiness and peace.

"Question 2: Explain how, when and from whom or from what source you received the religious training and acquired the religious belief which is the basis of your claim. (Include here, where applicable, such information as religion of parents and other members of family; childhood religious training; religious and general education; experiences at school and college; organizational memberships and affiliations; books and other readings which influenced you; association with clergymen, teachers, advisers or other individuals which affected you; and any other material which will help give the

He appended to his application two letters. One of these letters is from his brother. In this letter, written to provide "proof of sincerity" on the part of the registrant, the brother states that the registrant's beliefs are "of a personal nature rather that (sic) religious"; he then summarized those beliefs as being "against anybody or anything that advocates war, which he believes is a crime against humanity". The source of such belief, as related by the brother, is this nation's "involvement in its Asian conflict".[7] Advocacy of war is condemned generally by thoughtful persons and many of our citizens are openly critical of our "involvement" in Asia; but neither feeling is inconsistent with a willingness to fight for one's country or adds up to that sincere conviction of conscience required under *Welsh*. The other supporting letter is even less relevant. It reads like an employment recommendation. It attests merely that the registrant "is a Christian boy, quiet, courteous, and works hard at whatever he is doing", and concludes with the statement, "I would recommend him to do his best with anything he attempts to do."

■ Such was the extent of the registrant's showing on his request for classification as a conscientious objector.

As we have already observed, such a showing was insufficient to make out a *prima facie* claim to the classification and required of the Board no articulation of its reasons for denial.

■ Appellant urges that he made a *prima facie* case because the Trial Judge recognized his sincerity of belief at the trial. This recognition, however, was in the context of the Judge grappling with the problem of an appropriate sentence and can be fairly characterized as comments of a compassionate Trial Judge. In any event, it is a characterization of general impressions garnered at the trial, not a finding of fact, and, as the Judge himself found, not sufficient to overturn the decision of the Board.

■ The appellant, also, complains that, in derogation of his constitutional rights, no transcript, of the proceedings at which he appeared and his claim denied, was prepared and that he was not afforded the right of counsel before the Local Board. The complaint is without merit. The procedure in connection with classification of registrants by the Local Selective Service Board "is in no way penal, nor is it a criminal trial with the right to be represented by counsel, and to call, examine and cross-examine witnesses." Merritt v. United States (5th Cir. 1968) 401 F.2d 768, 769.[8] As a

local board the fullest possible picture of how your beliefs developed.)
"Answer: It is my belief that I have been endowed with a free will by my Creator.
"Question 3: To what extent does your religious training and belief restrict you from ministering to the sick and injured, either civilian or military, or from serving in the Armed Forces as a noncombatant without weapons?
"Answer: It is by belief that the Armed Forces cannot justify any Christian principles that it may practice within its institution.
"Question 4: Have you ever given expression publicly or privately, written or oral, to the views herein expressed as the basis for your claim? Give Examples.
"Answer: I have examined my conscience before God and sincerely believe that I have sought the truth."

7. Cf., Kurtz v. Laird (5th Cir. 1971) 449 F.2d 210, 212.

8. See, United States v. Goodman (7th Cir. 1970) 435 F.2d 306, 314; United States v. Lloyd (9th Cir. 1970) 431 F.2d 160, 166–167, cert. den.; United States v. Evans (9th Cir. 1970) 425 F.2d 302, 304, cert. den.; Haven v. United States (9th Cir. 1969) 403 F.2d 384, 385, cert. den. 393 U.S. 1114, 89 S.Ct. 926, 22 L.Ed.2d 120; Camp v. United States (5th Cir. 1969) 413 F.2d 419, 421–422, cert. den. 396 U.S. 968, 90 S.Ct. 451, 24 L.Ed.2d 434; Fults v. United States (10th Cir. 1968) 395 F.2d 852, 854; Nickerson v. United States (10th Cir. 1968) 391 F.2d 760, 762, cert. den. 392 U.S. 907, 88 S.Ct. 2061, 20 L.Ed.2d 1366; United States v. Holmes (7th Cir. 1967) 387 F.2d 781, 785, cert. den. 391 U.S. 936, 88 S.Ct. 1835, 20 L.Ed.2d 856; United States v. Mientke (7th Cir. 1967)

matter of fact, any contention by the appellant that he should have been provided with counsel in the proceedings before the Board is somewhat paradoxical, since, at his trial in the District Court, he refused counsel and acted as his own attorney. Moreover, being staffed by laymen, the Board is not obligated to observe the niceties of a judicial proceeding.[9] Specifically, there is no requirement that an exact transcript be made of all proceedings and hearings before the Board; 32 C.F.R. § 1604.27 only demands that the Local Board "keep minutes of each of its meetings".

The judgment of the District Court is affirmed.

Affirmed.

387 F.2d 1009, 1011, cert. den. 390 U.S. 1011, 88 S.Ct. 1261, 20 L.Ed.2d 162; United States v. Capson (10th Cir. 1965) 347 F.2d 959, 962–963, cert. den. 382 U.S. 911, 86 S.Ct. 254, 15 L.Ed.2d 163; Imboden v. United States (6th Cir. 1952)

194 F.2d 508, 513, cert. den. 343 U.S. 957, 72 S.Ct. 1052, 96 L.Ed. 1357.

9. Gruca v. Secretary of Army (1970) 141 U.S.App.D.C. 85, 436 F.2d 239, 243–244, cert. den. 401 U.S. 978, 91 S.Ct. 1207, 28 L.Ed.2d 328.