494 F.2d 709
 UNITED STATES, ex rel. PFC Christopher H. COATES, 2362375
USMCR (K), Maint. Bn., 4th FSR, Charlotte, North
Carolina, Appellee,
v.
Melvin LAIRD, Secretary of Defense of the United States, et
al., Appellants.
 No. 73-1778.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 7, 1974.
Decided April 1, 1974.
 
 David B. Sentelle, Asst. U.S. Atty. (Keith S. Snyder, U.S. Atty., on brief) for appellants.
 Adam Stein, Charlotte, N.C. (Chambers, Stein, Ferguson & Lanning, Charlotte, N.C., Loflin, Anderson, Loflin & Goldsmith and Thomas F. Loflin, III, Durham, N.C., on brief) for appellee.
 Before CLARK, Associate Justice,* and WINTER and RUSSELL, Circuit judges.
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 The petitioner-appellee Coates is a Marine reservist, who, denied discharge administratively as a conscientious objector,[1] filed this habeas proceeding to secure judicial review of that administrative denial.[2] In response to motion to dismiss, the District Court found the administrative denial defective and ordered forthwith Coates' discharge from the service. The Government has appealed. We reverse.
 
 
 2
 The denial of Coates' application by the Corps did not set forth the reasons on which it was based. Such omission cannot be excused on the claim that Coates failed to state a prima facie case for CO status. It matters not whether Coates, in his statement of beliefs, set forth a prima facie case for release or not. The establishment of a prima facie case as a prerequisite for a statement of reasons for denial of CO status is applicable only in Selective Service cases.[3] It has no relevancy in in-service applications such as this, the processing of which is controlled by Department of Defense Directive 1300.6.[4] That Directive expressly provides that, 'The reasons for an adverse decision will be made a part of the record and will be provided to the individual.'[5] It makes no exceptions in its application. Compliance with its requirement is obligatory on the military services, first, because an agency must comply with its own regulations,[6] and, second, 'when there is a requirement of law (or regulation) that reasons be stated by executive officials or administrative agencies responsible for decisions, there is an implicit corollary that the decision must stand or fall on the basis of the reasons stated.'[7]
 
 
 3
 The District Court, while finding that the Corps had not stated any reasons for the denial, reviewed the full military record in order to glean from it possible reasons for the denial. This was unnecessary.[8] No obligation rests on the Court, in its judicial review of administrative action, to search through the administrative record in order to find possible reasons for an agency action when the agency has stated no reasons. It was the duty of the Corps, similar to that of any agency given decision authority, to articulate its reasons for its decision and to articulate them clearly. Failure to observe this requirement invalidated the administrative denial of Coates' application, and the District Court properly so concluded.[9]
 
 
 4
 But because the initial denial by the Marine Corps was defective for failure to assign a reason, it does not follow that Coates' application for discharge must necessarily be granted. See Gillette v. United States (1971) 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168. The proper procedure in such a case where the record evidences alternative grounds, one possibly valid and the other invalid, is to remand the proceedings to the service for reprocessing and for compliance with the requirement of a statement of reasons. This was the procedure suggested in Krieger v. Terry (9th Cir. 1969) 413 F.2d 73, 75; it was the procedure followed in Hammond v. Lenfest (2d Cir. 1968) 398 F.2d 705, 718 (on Petition for Rehearing), which, incidentally, was the first Circuit Court decision to sustain the right of an in-service claimant to CO status to invoke habeas jurisdiction for review of the denial of his application for discharge (in Brown v. McNamara, 3d Cir. 1967, 387 F.2d 150, cert. denied 390 U.S. 1005, 88 S.Ct. 1244, 20 L.Ed.2d 105 the jurisdiction to review via habeas was recognized but relief was denied); and it is the established procedure in the judicial review of administrative decisions generally,[10] including in-service CO cases. Thus, in DuTerroil, Remanding an In-Service Conscientious Objector Case to the Military: Use or Abuse of the Power to Remand, 3 St. Mary's L.R. 294, 305 (1971), the author after an exhaustive review of the authorities, declares that, if there are procedural defects in the denial at the military level of an in-service CO application, such as failure to state the reasons for denial, remand to the military 'so that the application (may be) considered and decided in compliance with established procedural requirements and existing and changing substantive law * * *,' is the proper procedure, unless the record shows that there is 'no basis in fact' for denial on any valid ground. The same procedure is stated in Hansen, Judicial Review of In-Service Conscientious Objector Claims, 17 U.C.L.A.L.R. 975, 1002 (1970). There, the author states that '* * * if it finds procedural defects in the service's handling of the request for discharge,' the Court 'should remand the case to the service for proper processing, retaining jurisdiction, if indicated by necessity, to restrain the military from using the extra time to further harm or injure the serviceman.' And this is the procedure that was followed in United States ex Rel. Donhamv. Resor (2d Cir. 1971) 436 F.2d 751; Rosengart v. Laird (2d Cir. 1971) 449 F.2d 523; United States ex rel. Checkman v. Laird (2d Cir. 1972) 469 F.2d 773; Rothfuss v. Resor (5th Cir. 1971) 443 F.2d 554; Morrison v. Larsen (9th Cir. 1971) 446 F.2d 250; and Zemke v. Larsen (9th Cir. 1970) 434 F.2d 1281, 1283.
 
 
 5
 It follows that the District Court in this case should not have summarily granted discharge to Coates. The proper procedure, as established by the authorities cited, was to remand the proceedings to the Marine Corps with directions (1) to 'follow scrupulously' the regulation, United States ex rel. Brooks v. Clifford (4th Cir. 1969) 409 F.2d 700, 706, and (2) to correctly apply the 'three basic tests' articulated in Clay v. United States (1971) 403 U.S. 698, 700, 91 S.Ct. 2068, 29 L.Ed.2d 810.
 
 
 6
 The case is accordingly reversed and remanded to the District Court with directions to, in turn, remand the proceedings to the Marine Corps for processing in accordance with this opinion. No disciplinary sanctions are to be visited upon Coates because of his actions with reference hereto.
 
 
 
 *
 Supreme Court of the United States (retired) sitting by designation
 
 
 [1]
 The procedure to be followed in connection with in-service applications for CO release is outlined in United States ex rel. Brooks v. Clifford (4th Cir. 1969) 409 F.2d 700, 702-703; see, also, Gideon, Conscientious Objection: Procedures Governing the In-Service Objector, 37 Mo.L.Rev. 494, 496-7 (1972); Sherman, Judicial Review of Military Determinations and Exhausion of Remedies Requirement, 55 Va.L.Rev. 483, 506-7 (1969)
 
 
 [2]
 United States ex rel. Brooks v. Clifford, supra (409 F.2d at 705) established, so far as this Circuit is concerned, the right in habeas to a judicial review of a denial of CO status in an in-service case. See, also, Brown v. Mc.namara (3d Cir. 1967) 387 F.2d 150, cert. denied 390 U.S. 1005, 88 S.Ct. 1244, 20 L.Ed.2d 105
 
 
 [3]
 Cf. United States v. Wood (4th Cir. 1972) 454 F.2d 765, 767, where, becuase of failure of registrant to state a prima facie case, it was held the Selective Service Board was under no duty to state reasons for denial of CO status, with United States v. Broyles (4th Cir. 1970) 423 F.2d 1299, 1303-1304, where, because the registrant had set forth a prima facie case, a statement of reasons for denial was found to be compelled. In 1971 the Selective Service Act was amended to require, on demand, a statement of reasons in all cases of a denial. The amendment is in this language:
 '(4) In the event of a decision adverse to the claim of a registrant, the local or appeal board making such decision shall, upon request, furnish to such registrant a brief written statement of the reasons for its decision.' 50 U.S.C. App. 471a.
 
 
 [4]
 This Directive, issued in 1962, and reissued with changes in 1968 and again in 1971, extended the Congressionally approved conscientious objector exemption for pre-induction personnel to in-service members of the Armed Services by providing for administrative discharge on grounds of conscientious objection, pursuant to the standards set forth in 6(j) of the Universal Military Training and Service Act, 50 U.S.C. App. 456(j)
 
 
 [5]
 VI, F, of the Directive
 
 
 [6]
 United States v. Heffner (4th Cir. 1970) 420 F.2d 809, 811-812
 
 
 [7]
 United States ex re. Checkman v. Laird (2d Cir. 1972) 469 F.2d 773, 780
 
 
 [8]
 See United States ex rel. Checkman v. Laird, supra (469 F.2d at 780, n. 10, quoting from Gresham v. Franklin (D.C.Cal. 1970) 315 F.Supp. 850, 853):
 "It is not the function of this court to search the record for some basis to affirm the Army's decision when the reasons given are therefor inadequate."
 The reasons for such rule was thus explicated (469 F.2d at 781):
 'Otherwise a court, if it sustains a decision by recourse to reasons outside those specified, opens the door to an improper substituting of the court's judgment and evaluation of evidence in place of that of the agency (here the CORB) or official with responsibility. The court's judgment, its reasons and approaches, may not be acceptable to and may even have been discredited by the administrative officials responsible.'
 
 
 [9]
 Securities Comm'n v. Chenery Corp. (1943) 318 U.S. 80, 94, 63 S.Ct. 454, 87 L.Ed. 626
 This is different from the rule followed when an appellate court is reviewing a decision of a lower court. In the latter case, the appellate court will affirm if sound grounds therefor appear, irrespective of the reasons given by the lower court. But no such rule prevails when a decision of an administrative agency is being reviewed. The reason for the difference has been stated as follows: 'The justification for the difference is that a reviewing court may formulate the ground upon which a lower court should have acted but may not initially decide a question which is committed to an agency for initial determination.' 2 Davis, Administrative Law, 16.12 at p. 482; cf., Denver & R.G.W.R. Co. v. Union P.R. Co. (1956) 351 U.S. 321, 337 and 341, 76 S.Ct. 982, 100 L.Ed. 1220 (Frankfurter, J., dissenting).
 
 
 [10]
 Gulf States Utilities Co. v. FPC (1973) 411 U.S. 747, 763-764, 93 C.Ct. 1870, 36 L.Ed.2d 635; Securities Comm'n v. Chenery Corp. (1943) 318 U.S. 80, 95, 63 S.Ct. 454, 87 L.Ed. 626; Friendly, Chenery Revisited: Reflections on Reversal and Remand of Administrative Orders, 1969, Duke L.Journal 199. For a case in which the agency assigned alternative grounds, some of which are valid, see Michigan Consolidated Gas Co. v. Federal Power Com'n. (1960) 108 U.S.App.D.C. 409, 283 F.2d 204, 220, cert. denied, Panhandle Eastern Pipe Line Co. v. Michigan Consol. Gas. Co., 364 U.S. 913, 81 S.Ct. 276, 5 L.Ed.2d 227, 364 U.S. 913, where the Court said that in such a case the 'court must remand the case for reconsideration (by the agency) if the agency has failed to state whether it would have rested its action on the sustained ground alone' (headnote 12). Citizens Ass'n. of Georgetown, Inc. v. Zoning Com'n of D.C. (1973) 155 U.S.App.D.C. 233, 241-242, 477 F.2d 402, 410-411; Environmental Defense Fund, Incorporated v. Hardin (1970) 138 U.S.App.D.C. 391, 428 F.2d 1093, 1100; Air Line Pilots Association, International v. C.A.B. (1973), 154 U.S.App.D.C. 316, 322, 475 F.2d 900, 906, and Bell Aerospace Company Div. of Textron Inc. v. N.L.R.B. (2d Cir. 1973), 475 F.2d 485, 497, illustrate the rule requiring remand where the agency gives no reason for its action